FILED
7/22/2022 12:37 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jason Pastrano
Bexar County - 285th District Court

Case 5:22-cv-01149-OLG     Document 1-3     Filed 10/24/22     Page 1 of 25
5:22-cv-1149

CAUSE NO. **2022CI13775**

| | | |
|---|---|---|
| **ELIOT LEE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

## TO THE HONORABLE JUDGE OF SAID COURT:

    **NOW COMES** ELIOT LEE, ("hereinafter called Plaintiff'), by and through his undersigned attorneys of record, and, in accordance with the Federal Rules of Civil Procedure, and Texas Rules of Civil Procedure files this, his Original Petition, against and complaining of and about BEXAR COUNTY GOVERNMENT (hereinafter called "Defendant or Bexar County"), and for cause of action show unto the Court the following:

### I.    DISCOVER CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, pursuant to Rule 190.4 for the Texas Rules of Civil Procedure.

## II.    FACTS

2.    On or about March 24, 2022, Plaintiff filed an U.S. Equal Employment Opportunity Commission (hereinafter, "EEOC") Charge of Discrimination against Bexar County—Government of Bexar County, Texas for suffered discrimination based on retaliation under the Title VII of the Civil Rights Act of 1964. Defendant, BEXAR COUNTY, also performed discriminatory practices under the Texas Labor Code violations of National Origin, Race and retaliation. Moreover, Defendant, BEXAR COUNTY, violated Plaintiffs Due Process and Equal Protection as a County Employee. Plaintiff is protected by Texas Civil Service Rules and Statutes as well as employment rules, policies, procedures, and employment guidelines promulgated by Bexar County Texas.

### III.  PARTIES

3.    Plaintiff, ELIOT LEE, is an individual, that is citizen of the State of Texas.

### IV. SERVICE

4.    Defendant, Bexar County—Government of Bexar County, Texas, a county in Texas, may be served with process by serving the County Judge, The Honorable Nelson Wolff, at 100 Dolorosa, San Antonio, TX 78205, under the authority of Texas Civil Practice & Remedies Code section  17.024(a).

### V.    JURISDICTION AND VENUE

5.    Plaintiff asserts claims against Defendant for violations of the Texas Labor Code, thereby invoking the jurisdiction of this Court.

6.    On or about December 20, 2021, and within 180 days after Defendant removed from the position, Plaintiff, Mr. ELIOT LEE timely filed a Charge of Discrimination against Defendant with the appropriate administrative agencies, including the United States Equal Employment

Opportunity Commission and the Civil Rights Division of the Texas Workforce Commission (hereinafter "TWC"), identified as charge number 451-2022-00864. See Exhibit No. 1. [1]

7.    On or about April 25, 2022, Plaintiff received a Notice of Right to File a Civil Action (hereinafter "Notice") from the EEOC and TWC. see, Exhibit No. 2

8.    By filing a Charge of Discrimination, receiving his Notice, and filing suit within 60 days of receiving his Notice, Plaintiff has complied with all conditions precedent and exhausted all applicable administrative remedies required by the Texas Labor Code prior to filing suit.[1]

9.    The Federal Court additionally has subject matter jurisdiction under 28 U.S.C. 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, Title VI of the Civil Rights Act of 1964 and said pleading is filed within the requisite 90 days.

10.    Venue is alternatively proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. 1391(b), or concurrent jurisdiction with Bexar County District Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and Venue is proper in this district under 42 U.S.C. 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.    Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission. Plaintiff files this complaint within 60 days after receiving a notice of the right to sue from the EEOC which was simultaneously filed with the

---

[1] See Exhibit No. 1, Charge of Discrimination to include the EEOC Form 5 (11/09), annexed hereto and incorporated by reference as if fully set forth herein.

Texas Workforce Commission Civil Rights. A copy of the notice of the right to sue is attached as Exhibit "No.2[2]

## VI.    FACTS / FACTUAL ALLEGATIONS

**THE LEGAL THEORIES AND FACTUAL BASIS IN THIS MATTER WHICH ARE CONTAINED AND INCORPORATED IN THE EEOC FORMAL COMPLAINT AS IF ATTACHED HEREIN; TO INCLUDE BUT NOT LIMITED TO: CLAIMANT AND ALL PREVIOUS STATEMENTS, AFFIDAVITS AND DOCUMENTS PROVIDED IN EEOC CHARGE 451-2020-00864 BY OR THROUGH CLAIMANT OR RESPONDENT.**

12.    Plaintiff, Mr. Lee, is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely an employee subject to the civil service laws of a state government, governmental agency or political subdivision. Plaintiffs job title as a PROGRAM ANALYST SUPERVISOR. Plaintiff is sixty-one (61) years old, African American and currently employed by Bexar County Information Technology as a Program Analyst Supervisor.

13.    Plaintiff filed a complaint of discrimination based on race, national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

14.    Plaintiff began working as an employee in the Bexar County Information Technology (BCIT) Department on January 9, 2019. When offered the position at BCIT, Plaintiff accepted the job immediately and looked forward to what he believed would be an inspired team of public servants in Bexar County Government looking to meet the needs of Bexar County's unique and diverse citizenry. Plaintiff was neither aware, nor prepared, for the hostile, violent, and aggressive workplace in which he found himself.

---

[2] See Exhibit No. 2, Notice of Right to Sue Letter, annexed hereto and incorporated by reference as if fully set forth herein.

15.    Defendant, by and through its employee Mr. Lonny Bickley, the Manager Legacy Systems, has caused an environment of bullying, intimidation, harassment, defamation, and retaliation because Plaintiff exposed the truth about him to the EEOC. Mr. Bickley is second in command to County Manager David Smith, who is responsible for overseeing the Bexar County Information Technology Department. Plaintiffs' duties were to oversee expenditures for his assigned departments. Plaintiff on occasion began to question some expenditures which led to Mr. Bickley bullying, intimidation, harassment, and retaliation.

16.    On or about December 17, 2021, called for a meeting to let the plaintiff know of all the issues based on problems that other people and himself, have. The following problems are as follows:

>    a    Plaintiff had suggested that asking the for the jury file from Security of State and load it, when the commissioners court decided to do redistricting and how that would impact the jury, making the adjustments once redistricting was settled. Lonny Bickley decided to take over the process, then later states that the Plaintiff had neglected his duties when it came to handling the process.

17.    On December 14, 2021 there was a county-wide failure with the Odyssey system, while Lonny Bickley was out of office. The Plaintiff coordinated with the vendor and notified technical support when the service was up and functioning. Plaintiff was following proper county procedures and made an incident report, which is required with hardware, and software failures. The Plaintiff had asked Lonny Bickley, his supervisor for help in creating the incident report. On December 17th meeting, Mr. Bickley explains how the plaintiff should have known the process and without Mr. Bickley's help. This matter was not spoken about till December 17th, three days after the incident.

18.    Mr. Bickley had stated that "other people" were having difficulties working with the Plaintiff. The Plaintiff did not need to know the names of those complaining but asked what the difficulties were. Instead of explaining the issues to the Plaintiff, he resorted to name calling,

specifically "Teflon" and stated I do not take ownership of the process. The Plaintiff asked for examples, Mr. Bickley said he would get some and send to the Plaintiff but did not receive any.

19.    Additional examples of the demeaning environment perpetuated in the defendant's workplace include:

   a.    Plaintiff followed up with several emails after the December 17th meeting regarding the complaints from team members, a response was never given with explanation. The Plaintiff sent several emails following up with the request, but no follow-up was made.

   b.    When Plaintiff requested for an explanation, not only did Mr. Bickley resist giving it to Plaintiff after the December 17th meeting but continued to ignore the Plaintiff with specific tickets for the team. Mr. Bickley stated that the reputation of his team's reputation was at risk however there was not an explanation to how. Plaintiff was later terminated on December 20, 2021, from his position as Program Analyst Supervisor and was separated from Bexar County Information Technology (BCIT).

## VI.    VIOLATIONS OF THE TEXAS LABOR CODE

29.    Whenever Plaintiff pleads that Defendant engaged in any act or omission, he also pleads that Defendant's officers, agents, servants, employees, or representatives, engaged in said act or omission within the course and scope of employment and with the full authorization or ratification of Defendant.

   1.    By and through the Original Petition, Mr. Lee pleads a prima facie case of national origin discrimination and contends:

      a.   that he is of African American decent and a member of a protected class member;

      b.   that he was qualified for the positions he held;

      c.   that he was discharged from positions for which he was otherwise qualified to hold; and

      d.   that he was replaced by someone outside the protected class

## VIII. FACTS OF DEFENDANT'S DISCRIMINATORY ACTIONS TAKEN AGAINST PLAINTIFF UNDER TITLE VII

PLAINTIFF HAS ATTACHED HERETO THE AFFIDAVIT OF ELIOT LEE TO ESTABLISH FACTS THAT ARE NOT CONTAINED IN THE RECORD, WHICH ARE NOT APPARENT IN THE PLEADINGS; THE AFFIDAVIT IS ATTACHED HERETO AS EXHIBIT NO. 3, AND IS INCORPORATED BY REFERENCE THE SAME VERBATIM AS SET FORTH IN FULL.

30.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely an employee subject to the Civil Service laws of a State Government, governmental agency or political subdivision, is of African American Decent (National Origin), male. Plaintiff's job title is a Program Analyst, within the Bexar County Government in the Information Technology Department.

31.     Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. The Defendant has more than five hundred employees.

32.     Mr. Lonny Bickley, Plaintiffs supervisors are employed by the Defendant as supervisors in the Bexar County Manager Legacy Systems.

33.     Plaintiff's supervisors are empowered by Defendant to take tangible employment actions against Plaintiff. As senior supervisors, the Defendant's employees exercised supervisory authority over Plaintiff, to include but not limited to 1) the authority to fire Plaintiff, 2) the authority to reassign Plaintiff to a position with significantly different responsibilities. the authority to significantly alter Plaintiffs benefits. Defendant's employees did those very things

by denying the Plaintiff advancement reassigning him to lesser positions and creating a hostile work environment to cause the resignation or termination of Plaintiff.

34.    Defendant intentionally discriminated against Plaintiff because of his race, and national origin in violation of Title VII by Defendant, by taking away Plaintiff's duties, without any corrective or disciplinary written paperwork, and by practicing acts of a discriminatory nature and intended to cause the Plaintiff to be terminated or resign his position rather than continue to face additional harassment and discriminatory practices which leads Plaintiff to claim that his civil service rights were violated. Plaintiff's chain of command failed to abide civil service rules but also county wide guidelines.

35.    Defendant used the following discriminatory employment practices, policies, and rules in violation of Title VII: Plaintiff's chain of command failed to abide not only Defendant's own Human Resources Policy and Procedure but also dismissed other rules for hiring or employment actions. Although these practices, policies, and rules appear to be neutral, they serve to discriminate against a disproportionate number of persons of Plaintiffs' race, sex, national origin, and age.

36.    Defendant and Defendant's employees created a hostile work environment through its discriminatory words and actions towards Plaintiff because of Plaintiffs' sex, national origin and race. This conduct was so severe that it altered the terms and conditions of Plaintiffs employment and interfered with Plaintiffs work performance and thereby created an intimidating, hostile, and offensive work environment.

37.    Defendant is directly liable because it was negligent in discovering and remedying the discriminatory conduct. Defendant intentionally discriminated against Plaintiff because of his race, and sex in violation of Title VII by Defendant, by taking away Plaintiff's duties without any corrective or disciplinary written paperwork. Defendant was discriminatory in nature and

intended to cause the Plaintiff to resign or be terminated rather than continue to face additional harassment and discriminatory practices, to which Plaintiff claims his civil service rights were violated.

38.    Defendant is strictly liable for Defendant's employee's discriminatory conduct because Defendant and Defendant's employees took a tangible employment action against Plaintiff that significantly changed Plaintiffs employment status. This ultimately led to Plaintiff being reassigned with significantly different responsibilities and Plaintiffs benefits were significantly changed ultimately desiring Plaintiff to resign or be subject to termination.

39.    Defendant is vicariously liable for Defendant's employee's discriminatory conduct. Defendant did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though Plaintiff took advantage of Defendant's measures designed to prevent and correct discriminatory conduct.

A.    <u>Sex Discrimination</u>

40.    By and through his Amended Complaint and attached affidavit Plaintiff pleads a prima facie case of gender discrimination and contends: To establish a prima facie case of gender-based employment discrimination, the Plaintiff must show "(1) he is a member of a protected class; (2) he suffered applied or was eligible for consideration for job opening or position; (3) he was qualified but denied a job, or was discharged from a position; and (4) the position was filled by a person of the opposite gender or remained open and available."



41. By and through Plaintiffs Affidavit attached hereto this pleading as Exhibit No. 3 the Plaintiff has asserted, he is a African American Origin making Plaintiff a protected class. See, Exhibit No. 3.

42.     Plaintiff has asserted that he was qualified for the positions he held, Program Analyst Supervisor, within the Bexar County Information Technology Department and removed from his position. See Exhibit No. 3.

### B.     Race/Color Discrimination

43.     By and through his Amended Complaint and attached affidavit Petitioner, Eliot Lee pleads a prima facie case of race/national origin discrimination and contends: To establish a prima facie case of race-based employment discrimination, the Plaintiff must show (1) he or she is a member of a protected class; (2) he or she was qualified for the position; (3) an adverse employment action occurred; (4) the employer gave preferential treatment to a similarly situated employee who is not in the protected class under nearly identical circumstances.

44.     By and through Plaintiff's Affidavit attached hereto this pleading as Exhibit No. 3 the Plaintiff has asserted, he is a male, African American Origin making Plaintiff a protected class. See Exhibit No. 3.

45.     Plaintiff has had countless adverse employment action to include being demoted from his position, and he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action. See Exhibit No. 3.

### C.  Retaliation

46.     By and through his Original Petition, Plaintiff pleads a prima facie case of retaliation and contends (1) that he engaged in protected conduct and opposed unlawful conduct; (2) that he was illegally investigated and his duties altered; and (3) causal connection exists between his protected conduct and his demotion of duties and lack of promotion and eventual demotion.

D. <u>Hostile Work Environment</u>

47.    Bexar County created a hostile work environment in its words and actions of a supervisor, manager or coworker which negatively or severely impacted the Plaintiff's work ability to complete his work. In order to establish a hostile work-environment claim, a Plaintiff must prove five elements: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on [the protected class]; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Shepherd v. Comptroller of Pub. Accounts of Tex., 168 F.3d 871, 873 (5th Cir. 1999). Here, in this cause, Plaintiff is a man, and his age is thirty-one (31) years old. The Plaintiff was subject to unwelcome harassment at the hands of Mr. David Smith, and Mr. Lonny Bickley. The harassment caused his demotion. The employer knew of the discriminatory action but failed to act.

X. <u>DAMAGES</u>

53. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

   a.  Plaintiff suffered loss of his pension or retirement benefits;

   b.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs;

   c.  Pre-judgment and post-judgment interest at the highest rates allowed by law;

   d.  Plaintiff seeks damages in an amount that is within jurisdictional limits of court; and

   e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

## ATTORNEY FEES AND COSTS

54.     Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. 2000e5(k).

## XII.

## PRAYER

55.     For these reasons, Plaintiff asks for judgment against Defendant for the following:

a.      affirmative action to hire, reinstate, or promote Plaintiff;

b.      back pay;

c.      front pay;

d.      compensatory damages;

e.      Punitive damages;

f.      prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees;

g.      for reasonable attorney fees;

h.      All other relief the Court deems appropriate.

i.      Costs of suit

Respectfully submitted,

The Law Offices of:

The Jakob Law Firm, P.C.

TETCO CENTER

1100 N E Loop 410, Suite 200

San Antonio, Texas 78209

Tel.: (210) 226-4500

Fax: (210) 226-4502

Email: service@thejakoblawfirm.com


By: _____

JASON J. JAKOB

State Bar No.: 24042933

Attorney for Plaintiff, ELIOT LEE


PLAINTIFF REQUESTS TRIAL BY JURY

CAUSE NO.

| | | |
|---|---|---|
| ELIOT LEE, | § | IN THE DISTRICT COURT |
|      *Plaintiff* | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| BEXAR COUNTY, TEXAS | § | |
|      *Defendant* | § | BEXAR COUNTY, TEXAS |

# EXHIBIT "A"



The Jakob Law Firm, P.C.

1100 ne Loop 410

San Antonio, TX 78209

# The Jakob Law Firm, P.C.



**JASON J. JAKOB, ESQ.**
*Founding and Senior Partner*
*jjakob@thejakoblaw.com*

**MR. ANDREW J. TEJEDA**
*Paralegal and Director of Operations*
*atejeda@thejakoblaw.com*

**MS. SHERIDYANA ORTIZ**
*Senior Paralegal*
*sortiz@thejakoblaw.com*

**MR. DAVID A. DOAN**
*Paralegal*
*ddoan@thejakoblaw.com*

**MS. JANA LITTLE**
*Paralegal And Billing Specialist*
*jlittle@thejakoblaw.com*

June 28, 2022

ATTN: Mr. Roy Roscoe
EEOC San Antonio Field Office
Legacy Oaks, Building A
5410 Fredericksburg Road, Suite 200
San Antonio, Texas  78229-3555

Via Email: roy.roscoe@eeoc.gov

## NOTICE OF LEGAL REPRESENTATION

RE:   Our Client:    Eliot M. Lee
      Employer:      Bexar County Information Technology
      Our File No:   0956-001

Dear Mr. Roy Roscoe:

This firm represents Eliot M. Lee, and we have been retained to submit the enclosed **Affidavit of Eliot M. Lee,** alleging discrimination against his former employer, Bexar County Information Technology.

We hereby request that you acknowledge receipt of the enclosed **Affidavit of Eliot M. Lee.** Our client has received Notice of the Right to Sue and with any reasonable requests for information; however, we request that you do not contact our client directly.

Please direct all future correspondence regarding the above named client to my attention.

If you have any questions or concerns, please feel free to contact our office.

Sincerely,

_____
Jason J. Jakob, Esq.
State Bar No.: 24042933
Attorney for Eliot M. Lee

JJJ/vlm
Enclosures

# The Jakob Law Firm, P.C.



JASON J. JAKOB, ESQ.
*Founding and Senior Partner*
*jjakob@thejakoblaw.com*

MR. ANDREW J. TEJEDA
*Paralegal and Director of Operations*
*atejeda@thejakoblaw.com*

MS. SHERIDYANA ORTIZ
*Senior Paralegal*
*sortiz@thejakoblaw.com*

MR. DAVID A. DOAN
*Paralegal*
*ddoan@thejakoblaw.com*

MS. JANA LITTLE
*Paralegal And Billing Specialist*
*jlittle@thejakoblaw.com*

June 28, 2022

ATTN: Mr. Roy Roscoe
EEOC San Antonio Field Office
Legacy Oaks, Building A
5410 Fredericksburg Road, Suite 200
San Antonio, Texas  78229-3555

Via Email: roy.roscoe@eeoc.gov

## NOTICE OF LEGAL REPRESENTATION

RE:     Our Client:     Eliot M. Lee
        Employer:       Bexar County Information Technology
        Our File No:    0956-001

Dear Mr. Roy Roscoe:

This firm represents Eliot M. Lee, and we have been retained to submit the enclosed **Affidavit of Eliot M. Lee,** alleging discrimination against his former employer, Bexar County Information Technology.

We hereby request that you acknowledge receipt of the enclosed **Affidavit of Eliot M. Lee.** Our client has received Notice of the Right to Sue and with any reasonable requests for information; however, we request that you do not contact our client directly.

Please direct all future correspondence regarding the above named client to my attention.

If you have any questions or concerns, please feel free to contact our office.

Sincerely,

Jason J. Jakob, Esq.
State Bar No.: 24042933
Attorney for Eliot M. Lee

JJJ/vlm
Enclosures

STATE OF TEXAS      §
BEXAR COUNTY      §

<u>**AFFIDAVIT OF ELIOT LEE**</u>

    Before me the undersigned notary, on this day personally appeared Eliot Lee, a person whose identity is known to me. After I administered an oath to him, upon his oath he said:

1.    "My name is **Eliot Lee,** I was an employee of Bexar County Information Technology (BCIT) located at 203 W Nueva St #200, San Antonio, Texas 78207 from January 9, 2019, to December 20, 2021. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are written within my personal knowledge and are true and correct;

2.    December 17, 2021, Lonny Bickley (Manager Legacy Systems) called a meeting at 1:45pm to meet at 2:30pm. The purpose of this meeting is to let me know all the issues he had with me based on problems that other people, and himself, have. He stated that his problems were as follows.

3.    When the commissioners court decided to do redistricting, he wanted to know how that impacted jury. My suggestion was we ask for the jury file from the Security of Sate (SOS) and load it. We could adjust once redistricting was settled. Lonny Bickley did not like the way I was handling it and decided to take over the process. He then stated I had neglected my duties when it came to handling the process.

4.    The County had a failure of the Odyssey system on Tuesday December 14, 2021. While Lonny Bickley was out of the office, I coordinated with the vendor and notified technical support when the service was up and functioning. After a failure with hardware or software, and incident report must be created. I started creating the incident report and had asked Lonny Bickley for help in creating it. He stated in the December 17th meeting that I should have known the process and should have completed it without his help. This is troubling to me for different reasons being that he is stating team members cannot ask for help from each other when the incident the Legacy team received was several months ago. This was the second incident I have completed during this time. This incident happened on Tuesday December 14, 2021, and he waited until Friday December 17, 2021, to bring it to my attention.

5.    Lonny Bickley stated "other people" were having difficulties working with me. I told him I do not need the names of those who are complaining but asked what the

Initials: _C L_

difficulties were. Instead of explaining the issues to me, he resorted to name calling, specifically "Teflon", and stated I do not take ownership of the process. I asked for examples, he said he would get some and send to me, I did not receive any.

6.     I sent Lonny Bickley several emails after the December 17th meeting regarding the complaints from team members, I never received a response with any explanations. I sent him several emails where I did follow up with requests. I also sent him specific tickets where I did the follow up or interpretation for the team.

7.     Lonny Bickley stated I was beginning to hurt my team's reputation; however, he did not give an explanation to how. My reputation was made in Bexar County long before I started working for BCIT and is still going strong.

8.     On December 20, 2021, I was terminated from my position as Program Analyst Supervisor, Employee #41221 and was separated from Bexar County Information Technology (BCIT).

9.     I truly feel that the entire meeting that took place December 17, 2021, on the afternoon before I go on vacation, was racially motivated. Was this his first step to force me out of the position?

"Further affiant sayeth naught."

_____
**Eliot Lee**

Sworn to and subscribed before me by Eliot Lee on this _____ day of June 2022.

_____
Notary Public in and for
The State of Texas

DAVID ALLEN DOAN
Notary Public, State of Texas
Comm. Expires 05-27-2025
Notary ID 133126954

My commission expires: _____

Initials: _____

CAUSE NO. _____

| | | |
|---|---|---|
| **ELIOT LEE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **BEXAR COUNTY, TEXAS** | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

# EXHIBIT "B"



The Jakob Law Firm, P.C.

1100 ne Loop 410

San Antonio, TX 78209

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)
Issued Date **April 25, 2022**

**To:** Mr. Eliot M. Lee
1542 Wild Fire
San Antonio, TX 78251

Charge No: 451-2022-00864

EEOC Representative and email:    Roy Roscoe
EEOC, Federal Investigator
roy.roscoe@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 451-2022-00864.

On behalf of the Commission,

Danita Anderson-
*for* Richards

Digitally signed by Danita
Anderson-Richards
Date: 2022.04.25 13:00:15 -05'00'

Norma J. Guzman
San Antonio Field Office, Director

Cc:

Bexar County-Information Technology Department
c/o Pamela Bell
101 W. Nueva, 7th Flr.
San Antonio, TX 78205
dacivilsection@bexar.org

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 451-2022-00864 to the San Antonio Field Office Director at Norma J. Guzman, 5714 Fredericksburg Rd., Ste. 200, San Antonio, TX 78229.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.