**FILED**
March 29, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____PT_____
DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ELIOT LEE** | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | SA-22-CV-1149-OLG |
| | § | |
| **BEXAR COUNTY** | § | |
| | § | |
| **Defendant** | § | |

## ORDER

Pending before the Court is Defendant Bexar County's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket no. 2. Defendant seeks to dismiss Plaintiff's claims for discrimination based on retaliation and hostile working environment due to Plaintiff's sex and age based on lack of subject matter jurisdiction under Rule 12(b)(1). Defendant also seeks to dismiss Plaintiff's claim for discrimination due to race or national origin for failure to state a claim under Rule 12(b)(6). Plaintiff has not filed a response.

I.

This dispute arose after Plaintiff was terminated from his role in the Bexar County Information Technology Department by his employer, Bexar County ("Defendant"), on December 20, 2021. (Dkt. No. 1 Ex. A ¶19.) In his EEOC Charge of Discrimination filed on March 24, 2022, Plaintiff states that on December 17, 2021, he had a "passionate discussion" with his supervisor where they had a "difference in philosophy." (Dkt. No. 2 Ex. 1.) Plaintiff further alleges that he was then terminated three days later because his supervisor claimed that he had violated the core values of the organization, but that the Texas Work Force Commission informed him that he was terminated because of a personality conflict. (*Id.*) Plaintiff expresses that he found this information odd because he had worked for Defendant for three years and was unaware of any personality conflict or disciplinary issues arising throughout his employment. (*Id.*) Plaintiff finally claims that there were two white employees who were demoted while he was not afforded the same opportunity, and he believes he was discriminated against based on his race (Black/African American). (*Id.*)

Plaintiff timely filed this discrimination case in the 285th Judicial District Court, Bexar County, on July 22, 2022. (Dkt. No. 1 Ex. A at 1.) In his original petition, Plaintiff asserted discrimination based on his race; and, for the first time, he asserted discrimination in the form of retaliation and a hostile work environment based on his sex and age. (Dkt. No. 1 Ex. A ¶¶2, 35, 36, 40, 46, 47.) Defendant removed this case pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Dkt. No. 1 ¶¶ 4, 5.) Defendant now seeks dismissal for lack of subject matter

jurisdiction over Plaintiff's claims for discrimination based on retaliation and hostile working environment due to his sex and age because Plaintiff did not exhaust his administrative remedies. (Dkt. No. 2 ¶5.) Defendant also seeks dismissal of Plaintiff's claim for discrimination based on race or national origin because he did not plead sufficient facts to state a viable Title VII or Texas Labor Code claim. (*Id.*)

II.

Under Federal Rule of Civil Procedure 12(b)(1), a case will be properly dismissed for lack of subject matter jurisdiction. Federal courts have subject matter jurisdiction to resolve "Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3)." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850 (2019). Therefore, "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Id.* at 1851. While "Title VII's administrative exhaustion requirement is not a jurisdictional requirement," it is "a precondition to filing suit." *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018). To file a suit arising out of employment discrimination, "a plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action," and "receive a notice of the right to sue." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021). "To satisfy exhaustion, a claim generally must arise out of the plaintiff's EEOC charge." *Id.*

Plaintiff's EEOC Charge of Discrimination only references race and, thus, the Plaintiff failed to exhaust administrative remedies regarding his claims for discrimination based on retaliation and a hostile work environment due to his sex and age. (Dkt. No. 2 Ex. 1.) While this Court may still have subject matter jurisdiction over this case, administrative exhaustion is required before filing suit and, therefore, all claims not regarding race should be dismissed.

In the 2021 case *Ernst v. Methodist Hosp. Sys.*, the Fifth Circuit affirmed a district court's dismissal of Plaintiff's sex discrimination and retaliation claims for failing to exhaust administrative remedies. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 335 (5th Cir. 2021). In *Ernst*, the plaintiff filed a Charge of Discrimination with the EEOC where he only alleged race discrimination in violation of Title VII of the Civil Rights Act of 1964 in the "particulars" field of the form. *Id.* at 336. Plaintiff filed an intake questionnaire with the EEOC claiming "sex discrimination because of his sexual orientation, age discrimination, and retaliation." *Id.* Plaintiff sued and brought claims for sex discrimination, retaliation, and race discrimination under Title VII. *Id.* Finding that Plaintiff failed to exhaust his administrative remedies, the district court dismissed the sex discrimination and retaliation claims. *Id.* The Fifth Circuit reviewed *de novo. Id.* at 337. The Court found that "[t]o satisfy exhaustion, a claim generally must arise out of a plaintiff's EEOC charge," and the EEOC requires that a charge "be in writing and signed and … verified." *Id.* (quoting 29 C.F.R. § 1601.9). The Fifth Circuit reasoned that "one of the central purposes of the employment discrimination charge is to put employers on

notice of the existence and nature of the charges against them," and that "the charge requirement is important because, in addition to promoting fairness for the employer, it gives the EEOC the opportunity to investigate and facilitate potential conciliation before lawsuits ensue." *Id*. at 338-39 (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 77 (1984)); *Id.* The Fifth Circuit found that Plaintiff's intake questionnaire was not a charge because it was not signed and verified as required by the EEOC, and Defendant never received notice. *Ernst*, 1 F.4th at 339. Therefore, the Fifth Circuit concluded that because the only charge Defendant received notice of was Plaintiff's race discrimination claim, the district court did not err in dismissing the sex-discrimination and retaliation claims. *Id.*

Like the Plaintiff in *Ernst v. Methodist Hosp. Sys.*, Plaintiff in this case filed an EEOC Charge of Discrimination alleging only race discrimination under Title VII of the Civil Rights Act of 1964. (Dkt. No. 2 Ex. 1.) In Plaintiff's EEOC charge, he claims that he "believe[ed] [he] was discriminated against based on [his] race (Black/African American) when [he] was terminated in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.*) Plaintiff subsequently filed suit alleging additional claims of discrimination not included in his EEOC charge. (Dkt. No. 1 Ex. A, ¶¶2, 35, 36, 40, 46, 47.) In his original petition, Plaintiff alleged sex discrimination, retaliation for pursuing a Charge of Discrimination with the EEOC, hostile work environment due to Plaintiff's gender and age, and race/color discrimination. (Dkt. No. 2 ¶ 4; Dkt. No. 1 Exhibit A ¶35-37, 40-41, 43-47.)

Because Defendant was on notice of Plaintiff's discrimination claim based on race only, the Court must dismiss the additional claims alleged in Plaintiff's original petition for failing to exhaust administrative remedies.

### III.

Under Rule 12(b)(6), a case will be properly dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the petition "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. While "a plaintiff need not submit evidence to establish the prima facie case for discrimination, [he] must plead sufficient facts on all of the *ultimate elements* of the claim to make [his] case plausible." *Davis v. Tex. Health and Hum. Servs. Comm'n*, 761 Fed. Appx. 451, 454 (5th Cir. 2019). The two ultimate elements a Plaintiff must plead to satisfy a disparate treatment claim under Title VII are "(1) an adverse employment action, (2) taken against a plaintiff because of [his] protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2017) (internal quotation marks omitted) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). Plaintiff must allege facts, direct or circumstantial, that would suggest Defendant's actions were based on his race, or that Defendant treated similarly situation employees of other races more favorably. *Raj.*, 714 F.3d at 331.

Plaintiff's original petition and the affidavit attached to it state that on December 17, 2021, Plaintiff met with his supervisor, Mr. Bickley, regarding a

situation that Plaintiff had handled three days prior. (Dkt. No. 1 Ex. A ¶17.) In that meeting, Mr. Bickley stated others "were having difficulties working with the Plaintiff." (*Id.* at ¶18.) Plaintiff alleges that Mr. Bickley resorted to calling him "Teflon" after Plaintiff asked what the difficulties were. (*Id.*) Plaintiff then states that he made several follow up emails regarding the complaints, but that he was never given an explanation. (*Id.* at ¶19.) Plaintiff alleges Mr. Bickley accused him of "beginning to hurt [his] team's reputation," but did not give him further explanation. (*Id.*) Plaintiff alleges Mr. Bickley continued to ignore Plaintiff until he was terminated on December 20, 2021. (*Id.*) In Plaintiff's affidavit, he states that he "truly feel[s] that the entire meeting that took place December 17, 2021 . . . was racially motivated." (Dkt. No. 1 Ex. A at 20.) In Plaintiff's EEOC charge, Plaintiff claims that "there were two white employees that were demoted into different positions and given an opportunity to remain employed," and that he "was not afforded the same opportunity and there were available positions that [he] was qualified to fill." (Dkt. No. 2 Ex. 1.) Plaintiff also claims that he "was discriminated against based on [his] race (Black/African American) when [he] was terminated." (Dkt. No. 2 Ex. 1.) Finally, Plaintiff claims Defendant discriminated against him because of his race and national origin "by taking away [his] duties, without any corrective or disciplinary written paperwork." (Dkt. No. 1 Ex. A ¶34.)

"Adverse employment actions consist of ultimate employment decisions," including termination. *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (internal quotation marks omitted) (citing *McCoy v. City of Shreveport*, 492 F.3d 551,

560 (5th Cir. 2007)). Criticism, investigations, or false accusations, however, are not considered adverse employment actions. *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000). Further "offensive and boorish" comments are not "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Moody v. U.S. Sec'y of Army*, 72 Fed.Appx. 235, 239 (5th Cir. 2003) (quoting *Shepherd v. Comptroller of Pub. Accounts of the State of Tex.*, 168 F.3d 871, 874 (5th Cir. 1999)).

Here, the only adverse employment action that occurred was Plaintiff's termination on December 20, 2021. (Dkt. No. 1 Ex. A ¶19.) While an adverse employment action occurred, the action must have been "taken against Plaintiff because of [his] protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2017) (internal quotation marks omitted) (citing *Raj*, 714 F.3d at 331). Plaintiff belongs to a protected class of race as an African American. (Dkt. No. 1 Ex. A ¶12.) However, Plaintiff has not pleaded any facts that would suggest a causal link between his protected class and his termination.

Here, Plaintiff's original complaint merely recites the elements for pleading a prima facie case of racial discrimination but does not allege any facts to support his claim. (Dkt. No. 1 Ex. A ¶43.) In Plaintiff's EEOC Charge of Discrimination, he claims that "there were two white employees that were demoted into different positions and given an opportunity to remain employed," and that Plaintiff "was not afforded the same opportunity and there were available positions that [he] was qualified to fill."

(Dkt. No. 2 Ex. 1.) He fails to allege, however, that the employees were similarly situated to Plaintiff.

Because Plaintiff does not plead sufficient facts that would suggest he was terminated for being African American, the Court must dismiss Plaintiff's discrimination claims based on race and national origin under Rule 12(b)(6).

Defendant's motion to dismiss Plaintiff's claims for discrimination based on retaliation and hostile working environment due to his sex and age is GRANTED because Plaintiff did not raise these claims in his EEOC charge and, therefore, he has not exhausted his administrative remedies. Defendant's motion to dismiss Plaintiff's claim for discrimination based on race or national origin is GRANTED for failure to state a claim under Rule 12(b)(6). No further claims remain to be resolved. Final judgment should be entered accordingly, with taxable costs assessed against Plaintiff.

This case may be closed.

SIGNED this \_\_\_29th\_\_\_ day of March, 2023.

_____
ORLANDO L. GARCIA
United States District Judge